COMMONWEALTH of Pennsylvania, Appellee,

v.

Kenneth C. NOACK, Appellant.

Superior Court of Pennsylvania.

Argued June 15, 1999.
Filed July 28, 1999.

Amy S. Cunningham, Greensburg, for appellant.

Merritt E. McKnight, Dist. Atty. Lock Haven, for Com., appellee.

Before DEL SOLE, STEVENS, JJ., and CIRILLO, President Judge Emeritus.

DEL SOLE, J.:

¶ 1 Appellant was found guilty of violating the Vehicle Code by failing to maintain appropriate log books while driving a commercial motor vehicle.[1] Appellant was parked on the side of a highway when the state trooper encountered him. Appellant admitted to the trooper that he had pulled off the highway because he realized he was approaching a weigh station and his log books were not in appropriate form. When the trooper encountered Appellant, Appellant had completed the log books through the previous day, but did not have any log for that day.

¶ 2 The trooper cited Appellant for violating a Pennsylvania-adopted section of the Code of Federal Regulations (C.F.R.) which requires drivers to keep a record of their duty status current to the time shown for the last change of duty status. Additionally, because without a current log, the trooper was unable to determine whether Appellant had had the proper amount of rest time, the trooper put Appellant "out-of-service" for eight consecutive hours.

¶ 3 Appellant proceeded to trial *pro se* and was convicted of violating 75 Pa.C.S.A. § 4107(b)(2) for failure to keep a log book current to his last change of duty status. He was fined $25 plus costs of $15. Appellant, now represented by counsel, appeals directly from this conviction.

¶ 4 Appellant presents the following issues for our review: (1) whether the exception contained in 49 C.F.R. § 395.13(b)(3) should have been applied to him; (2) whether he was improperly subjected to double jeopardy; and (3) whether the Pennsylvania Code section upon which his conviction is based is void for vagueness.

### *Exception in 49 C.F.R. § 395.13* [2]

¶ 5 Appellant asserts that the trooper improperly failed to consider the availability of this section's exception to Appellant. The section, which defines when a driver may be placed out-of-service, contains an exception which provides:

> A driver failing only to have possession of a record of duty status current on the day of examination and the prior day, but has completed records of duty status up to that time (previous 6 days), will be given the opportunity to make the duty status record current.

49 C.F.R. § 395.13(b)(3).

---

1. Appellant violated 75 Pa.C.S.A. § 4107(b)(2) which requires compliance with state regulations. The state regulation with which Appellant was non-compliant is 67 Pa.Code § 229.343, which incorporates by reference 49 C.F.R. § 395.8.

2. This section of the C.F.R. appears to have been adopted by Pennsylvania in 67 Pa.Code § 229.432 which adopts federal standards for driver out-of-service criteria. For purposes of clarity, we will refer to the exception by its C.F.R. designation.

¶ 6 Because Appellant was current through the prior day when the trooper encountered him, he argues that he should have been allowed to make his duty status current and thus avoid both being put out-of-service and the fine for violating 75 Pa.C.S.A. § 4107(b)(2).[3] We agree that the exception should have been available to Appellant. He should have been given an opportunity to complete that day's log because, at the time the trooper inspected the logs, they were complete for the previous six days. However, the safe harbor offered to drivers by this exception only protects them from being placed out-of-service. Thus, while Appellant may have been placed out-of-service without a proper chance to utilize the safe harbor of 49 C.F.R. § 395.13(b)(3), he has no remedy in this Court.

¶ 7 The conviction which is the subject of Appellant's appeal to this Court is for a violation of the section of the Vehicle Code requiring commercial drivers to maintain current log books. Appellant does not deny that his log book was not current at the time the trooper inspected it. His admitted non-compliance with the requirements of the statute is not affected by the safe harbor of 49 C.F.R. § 395.13(b)(3). Thus, his conviction was proper.

### Double Jeopardy

¶ 8 Appellant alleges that he was improperly subjected to double jeopardy when he was punished first, by being placed out-of-service, and then by the fine. In *In re Huff*, a case Appellant directs us to for the definition of double jeopardy, a panel of this Court explained the application of the double jeopardy clause:

[t]he double jeopardy clause bars any subsequent *prosecution* in which the government, to establish an essential element of an offense charge in that prosecution, will prove conduct that consti-

tutes an offense for which the defendant has already been prosecuted.

399 Pa.Super. 574, 582 A.2d 1093, 1096 (1990), *aff'd* 529 Pa. 442, 604 A.2d 1026 (1992) (citation omitted)(emphasis added).

¶ 9 In this case, Appellant was charged and prosecuted only once, for one offense, a Vehicle Code violation. As explained by the trial court, the placement of a driver out-of-service is not a criminal sentence, but a public safety measure.

### Void for Vagueness

¶ 10 Appellant finally asserts that we should find the Vehicle Code section under which he was charged, 75 Pa.C.S.A. § 4107(b)(2), and/or its counterpart, 67 Pa. Code 229.343, void for vagueness. The trial court found this issue waived because Appellant had failed to raise it at trial. Appellant answers this finding by quoting from a section of the trial transcript in which the trial court appears to require some explanation of the operation of the statute. The quoted part of the transcript is not relevant to this issue. Further, Appellant has not shown that he preserved this issue for appeal. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa. R.A.P. 302(a), *In re J.M.*, 556 Pa. 63, 726 A.2d 1041, 1051 (Pa.1999).

¶ 11 Judgment of sentence affirmed.

¶ 12 Judge STEVENS concurs in the result.

---

**3.** We note that the trooper testified that Appellant told him that prior to Appellant's stop that morning, he had not completed *any* logs.

N.T., 09/28/98, at 13. Thus, the trooper's failure to apply the exception may have been the result of this belief.